**Eadcher Lee LAWRENCE,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 83–7280**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1984.

Margie K. Carnes, Gadsden, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Lawrence appealed the district court's affirmance of the Secretary's termination of disability insurance benefits. We find the Secretary did not apply the proper legal standards and reverse and remand for further proceedings.

The SSA determined that claimant was disabled in 1970. 2 Rec. at 61–62. The agency re-evaluated Lawrence's condition in 1971 and found that he was still disabled. *Id.* at 77–78. SSA did not reconsider claimant's disability status for ten years. However, in 1981 the agency re-evaluated Lawrence's condition, determined that he no longer was disabled, and terminated benefits. *Id.* at 89–90. On reconsideration, SSA concluded that claimant was no longer disabled.

Claimant requested and received a hearing before an Administrative Law Judge. Both claimant and his wife testified. The

---

1. We have already determined that this case must be remanded to the Secretary on grounds other than the Secretary's application of the grids. Consequently, there is no need for the claimant to make a proffer of evidence to the district court on her ability to adapt. Rather, on remand to the Secretary, the Secretary must reconsider the case in light of *Broz* and *Reeves* if the ALJ applies the grids to Freeman.

**568**

ALJ, applying the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1983) ("the grids"), determined that claimant was not disabled and denied benefits. The Appeals Council denied review. The district court affirmed the Secretary's finding of no disability.

In *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir.1982), this court held there could be no termination of disability benefits unless there was substantial evidence of improvement to the point of no disability. This court has subsequently determined that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement. *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir.1984). The ALJ in this case considered only the current medical evidence of Lawrence's disability. We therefore reverse and remand for application of the proper legal standard.

In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz,* —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,* 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir.1983), we held the grids invalid to the extent they treated the age/ability to adapt factor as a legislative rather than adjudicative fact. *Broz,* 677 F.2d at 1360. We explained in *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984) how the Secretary could use the age grids in establishing claimant's ability to adapt. The determination we described in *Reeves* has not been made in this case. The record indicates that the ALJ applied the grids mechanistically. On remand to the Secretary, Lawrence must be given the opportunity to offer evidence on his inability to adapt.[1] In the absence of such evidence the ALJ's use of the age grids would be dispositive of the issue.

REVERSED and REMANDED.

1. We have already determined that this case must be remanded to the Secretary on grounds other than the Secretary's application of the grids. Consequently, there is no need for the claimant to make a proffer of evidence to the

district court on his ability to adapt. Rather, on remand to the Secretary, the Secretary must reconsider the case in light of *Broz* and *Reeves* if the ALJ applies the grids to Lawrence.